1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

DAVID ROMAINE,

Case No.  1:23-cv-00766-SAB

10

Plaintiff,

ORDER ENTERING STIPULATED
PROTECTIVE ORDER – DISCOVERY
ONLY

11

v.

12

FORD MOTOR COMPANY,

(ECF No. 23)

13

Defendant.

14

15    1.    PURPOSES AND LIMITATIONS

16         Disclosure and discovery activity in this action are likely to involve production of

17    confidential, proprietary, commercially sensitive, personally identifiable information ("PII") or

18    private information for which special protection from public disclosure and from use for any

19    purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

20    stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

21    acknowledge that this Order does not confer blanket protections on all disclosures or responses

22    to discovery and that the protection it affords from public disclosure and use extends only to the

23    limited information or items that are entitled to confidential treatment under the applicable legal

24    principles. The parties further acknowledge, as set forth in Section 12.3, below, that this

25    Stipulated Protective Order does not entitle them to file confidential information under seal;

26    Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will

27    be applied when a party seeks permission from the court to file material under seal.

28    / / /

1

2.    DEFINITIONS

   2.1    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

   2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including materials that contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, which are, for competitive reasons, normally, kept confidential by the parties, as contemplated by Federal Rules of Civil Procedure 26(c)(1)(G).

   2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

   2.4    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

   2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   2.6    Expert: a non-attorney person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, provided that no disclosure shall be made to any expert or consultant who is currently employed by a competitor of the Designating Party.

   2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this

1    action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

2    that party.

3         2.10   Party: any party to this action, including all of its officers, directors, employees,

4    consultants, retained experts, and Outside Counsel of Record (and their support staffs).

5         2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

6    Material in this action.

7         2.12   Professional Vendors: persons or entities that provide litigation support services

8    (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

9    organizing, storing, or retrieving data in any form or medium) and their employees and

10   subcontractors.

11        2.13   Protected Material: any Disclosure or Discovery Material that is designated as

12   "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

13        2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a

14   Producing Party.

15   3.    SCOPE

16        The protections conferred by this Stipulation and Order cover not only Protected

17   Material (as defined above), but also (1) any information copied or extracted from Protected

18   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

19   testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected

20   Material. However, the protections conferred by this Stipulation and Order do not cover the

21   following information: (a) any information that is in the public domain at the time of disclosure

22   to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving

23   Party as a result of publication not involving a violation of this Order, including becoming part

24   of the public record through trial or otherwise; and (b) any information known to the Receiving

25   Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source

26   who obtained the information lawfully and under no obligation of confidentiality to the

27   Designating Party. Any use of Protected Material at trial shall be governed by a separate

28   agreement or order.

1    4.    DURATION

2        Even after final disposition of this litigation, the confidentiality obligations imposed by

3    this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

4    order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

5    claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

6    the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this

7    action, including the time limits for filing any motions or applications for extension of time

8    pursuant to applicable law.

9        5.    DESIGNATING PROTECTED MATERIAL

10        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

11    or Non-Party that designates information or items for protection under this Order must take care

12    to limit any such designation to specific material that qualifies under the appropriate standards.

13    The Designating Party must designate for protection only those parts of material, documents,

14    items, or oral or written communications that qualify – so that other portions of the material,

15    documents, items, or communications for which protection is not warranted are not swept

16    unjustifiably within the ambit of this Order.

17        Mass, indiscriminate, or routinized designations are prohibited. Designations that are

18    shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

19    unnecessarily encumber or retard the case development process or to impose unnecessary

20    expenses and burdens on other parties) expose the Designating Party to sanctions.

21        If it comes to a Designating Party's attention that information or items that it designated

22    for protection do not qualify for protection, that Designating Party must promptly notify all other

23    Parties that it is withdrawing the mistaken designation.

24        5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

25    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

26    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly

27    so designated before the material is disclosed or produced.

28        Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" legend to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

1    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

2    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

3    challenge a confidentiality designation by electing not to mount a challenge promptly after the

4    original designation is disclosed.

5           6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution

6    process by providing written notice of each designation it is challenging and describing the basis

7    for each challenged designation by Bates number, and describing the basis for each challenge.

8    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that

9    the challenge to confidentiality is being made in accordance with this specific paragraph of the

10   Protective Order. The parties shall attempt to resolve each challenge in good faith and must

11   begin the process by conferring directly (in voice to voice dialogue; other forms of

12   communication are not sufficient) within 14 days of the date of service of notice. In conferring,

13   the Challenging Party must explain the basis for its belief that the confidentiality designation

14   was not proper and must give the Designating Party an opportunity to review the designated

15   material, to reconsider the circumstances, and, if no change in designation is offered, to explain

16   the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

17   challenge process only if it has engaged in this meet and confer process first or establishes that

18   the Designating Party is unwilling to participate in the meet and confer process in a timely

19   manner.

20          6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court

21   intervention, the Designating Party shall file and serve a motion to retain confidentiality within

22   21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet

23   and confer process will not resolve their dispute, whichever is earlier. Each such motion must

24   be accompanied by a competent declaration affirming that the movant has complied with the

25   meet and confer requirements imposed in the preceding paragraph. Failure by the Designating

26   Party to make such a motion including the required declaration within 21 days (or 14 days, if

27   applicable) shall automatically waive the confidentiality designation for each challenged

28   designation. In addition, the Challenging Party may file a motion challenging a confidentiality

1    designation at any time if there is good cause for doing so, including a challenge to the

2    designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

3    this provision must be accompanied by a competent declaration affirming that the movant has

4    complied with the meet and confer requirements imposed by the preceding paragraph.

5          The burden of persuasion in any such challenge proceeding shall be on the Designating

6    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

7    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

8    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

9    file a motion to retain confidentiality as described above, all parties shall continue to afford the

10   material in question the level of protection to which it is entitled under the Producing Party's

11   designation until the court rules on the challenge.

12   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

13         7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed

14   or produced by another Party or by a Non-Party in connection with this case only for

15   prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

16   disclosed only to the categories of persons and under the conditions described in this Order.

17   When the litigation has been terminated, a Receiving Party must comply with the provisions of

18   section 13 below (FINAL DISPOSITION).

19         Protected Material must be stored and maintained by a Receiving Party at a location and

20   in a secure manner that ensures that access is limited to the persons authorized under this Order.

21         7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

22   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

23   disclose any information or item designated "CONFIDENTIAL" only to:

24         (a) the Receiving Party's Outside Counsel of Record in this action, as well as

25   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26   information for this litigation and who have signed the Acknowledgment and Agreement to Be

27   Bound" that is attached hereto as Exhibit A;

28         (b) the officers, directors, and employees (including House Counsel) of the

1   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

2   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3         (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

4   is reasonably necessary for this litigation and who have signed the "Acknowledgment and

5   Agreement to Be Bound" (Exhibit A);

6         (d) the court and its personnel;

7         (e) court reporters, videographers,  and their staff, who are not personnel of the

8   court, professional jury or trial consultants, and Professional Vendors to whom disclosure is

9   reasonably necessary for this litigation and who have signed the "Acknowledgment and

10   Agreement to Be Bound" (Exhibit A);

11         (f) during their depositions, witnesses in the action to whom disclosure is

12   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

13   (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

14   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must

15   be separately bound by the court reporter and may not be disclosed to anyone except as permitted

16   under this Stipulated Protective Order.

17         (g) the author or recipient of a document containing the information or a custodian

18   or other person who otherwise possessed or knew the information provided that these individuals

19   may only be shown the protected information and may not retain a copy of the protected

20   information that was produced in this case.

21   8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

22          LITIGATION

23       If a Party is served with a subpoena or a court order issued in other litigation that compels

24   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

25   "SUBJECT TO PROTECTIVE ORDER," that Party must:

26         (a) promptly notify in writing the Designating Party. Such notification shall

27   include a copy of the subpoena or court order;

28         (b) promptly notify in writing the party who caused the subpoena or order to issue

in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
       LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1      (3) make the information requested available for inspection by the Non-Party.

2      (c) If the Non-Party fails to object or seek a protective order from this court within

3 14 days of receiving the notice and accompanying information, the Receiving Party may

4 produce the Non-Party's confidential information responsive to the discovery request. If the

5 Non-Party timely seeks a protective order, the Receiving Party shall not produce any

6 information in its possession or control that is subject to the confidentiality agreement with the

7 Non-Party before a determination by the court. Absent a court order to the contrary, the Non-

8 Party shall bear the burden and expense of seeking protection in this court of its Protected

9 Material.

10 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

11   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

12 Material to any person or in any circumstance not authorized under this Stipulated Protective

13 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

14 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

15 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

16 made of all the terms of this Order, and (d) request such person or persons to execute the

17 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

18 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

19   MATERIAL

20   When a Producing Party gives notice to Receiving Parties that certain inadvertently

21 produced material is subject to a claim of privilege or other protection, the obligations of the

22 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

23 provision is not intended to modify whatever procedure may be established in an e-discovery

24 order that provides for production without prior privilege review. Pursuant to Federal Rule of

25 Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of

26 a communication or information covered by the attorney-client privilege or work product

27 protection, the parties may incorporate their agreement in the stipulated protective order

28 submitted to the court.

1    12.    MISCELLANEOUS

2        12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

3    seek its modification by the court in the future.

4        12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

5    Order no Party waives any right it otherwise would have to object to disclosing or producing

6    any information or item on any ground not addressed in this Stipulated Protective Order.

7    Similarly, no Party waives any right to object on any ground to use in evidence of any of the

8    material covered by this Protective Order.

9        12.3   Filing Protected Material. Without written permission from the Designating Party

10   or a court order secured after appropriate notice, or upon another timeframe agreeable under the

11   circumstances, to all interested persons, a Party may not file in the public record in this action

12   any Protected Material. A Party that seeks to file under seal any Protected Material must comply

13   with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order

14   authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only

15   upon a request establishing that the Protected Material at issue is privileged, protectable as a

16   trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to

17   file Protected Material under seal is

18   denied by the court, then the Receiving Party may file the information in the public record unless

19   otherwise instructed by the court.

20   13.    FINAL DISPOSITION

21       Upon final termination of this action, including any and all appeals, counsel for each party

22   must, upon request of the producing party, return all confidential information to the party that

23   produced the information, including any copies, excerpts, and summaries of that information,

24   or must destroy same at the option of the receiving party, and must purge all such information

25   from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel

26   for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed

27   with the Court that refer to or incorporate confidential information, and will continue to be

28   bound by this Order with respect to all such retained information.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [      ] in the case of DAVID ROMAINE v. FORD MOTOR COMPANY, Case No. 1:23-cv-00766-JLT-SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

2        Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY

3   ORDERED that:

4        1.    The above stipulated protective order is ENTERED;

5        2.    The provisions of the parties' stipulation and this protective order shall remain in

6              effect until further order of the Court;

7        3.    The parties are advised that pursuant to the Local Rules of the United States

8              District Court, Eastern District of California, any documents which are to be

9              filed under seal will require a written request which complies with Local Rule

10             141;

11       4.    The party making a request to file documents under seal shall be required to

12             show either good cause or compelling reasons to seal the documents, depending

13             on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th

14             Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th

15             Cir. 2016); and

16  5.    If a party's request to file Protected Material under seal is denied by the Court,

17             then the previously filed material shall be immediately accepted by the court and

18             become information in the public record and the information will be deemed

19             filed as of the date that the request to file the Protected Information under seal

20             was made.

21

22  IT IS SO ORDERED.

23  Dated:   **May 14, 2024**

        _____

        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28